**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAMEER RIAZ AZAM, | No. C 10-059 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| M. S. EVANS, warden, | |
| Respondent. | |

  Zameer Riaz Azam, an inmate incarcerated at Folsom State Prison, has filed this <u>pro se</u> action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition challenges his conviction in the Alameda County Superior Court for kidnapping, infliction of corporal injury on his child's mother, making criminal threats, and misdemeanor contempt of court.  At the time he filed this petition, he had a habeas corpus petition pending in the California Supreme Court.  <u>See</u> Petition, p. 6.  The docket sheet on the website for the California courts shows that the petition in <u>In re. Azam (Zameer Riaz) on H.C.</u>, Cal. S. Ct. No. S179010, was filed on December 23, 2009, and is still pending.

  Prisoners in state custody who want to challenge either the fact or length of their confinement in federal court by a petition for a writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court.  <u>See</u> 28 U.S.C. § 2254(b)(1)(A),(c); <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981).  The exhaustion requirement is not satisfied if

there is a pending post-conviction proceeding in state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). If an appeal or collateral challenge of a state criminal conviction is pending, a would-be federal habeas petitioner must await the outcome of the state court action before his state remedies are considered exhausted, even where the issue to be raised in the federal petition has been finally settled in the state courts. See id. Even if the federal constitutional question raised by the petitioner cannot be resolved in a pending state action, that action may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. See id. (citations omitted); cf. Phillips v. Vasquez, 56 F.3d 1030, 1036 (9th Cir. 1995) (allowing death penalty defendant's habeas challenge to guilt determination even though state court challenge to his sentence of death was still pending; extraordinary delay in adjudicating the latter excused exhaustion requirement and, unlike Sherwood, there was no danger that the pending state appeal would moot the federal court's decision).

     Azam has a collateral challenge to his conviction pending in state court. Until that proceeding finishes, a habeas petition in this court is premature. This action therefore is DISMISSED without prejudice to him filing a new federal action after the California Supreme Court rule on his pending petition.

     After Azam concludes his collateral challenge and exhausts his state court remedies, he may file a new federal petition for writ of habeas corpus. He is cautioned not to file an amended petition in this action and not to use the case number for this action because this action is being closed today. When he files a new petition, he should put no case number on the first page, and should submit it with the $5.00 filing fee or a completed in forma pauperis application. At that time, the court will give the new petition a new case number.

     The clerk shall close the file.

     IT IS SO ORDERED.

DATED: April 22, 2010

Marilyn Hall Patel
United States District Judge

2